■ JOAN V. HARRIS, Appellant, v PAUL HIRSH, Respondent.— Order, Supreme Court, Bronx County (Anita Florio, J.), entered November 9, 1988, which granted defendant-respondent's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, and summary judgment denied, without costs.

Plaintiff, an employee of Metro-North Commuter Railroad (Metro-North) from 1977 to 1986, brought this action alleging slander against defendant, the head of her department. The gravamen of the complaint is that, on July 16, 1986, without cause, defendant called her into his office and, in the presence of two supervisors, stated "[y]ou have a problem. You take drugs. * * * I know a person who is on drugs and you look like one." Plaintiff further asserted that no precautions were taken to ensure that these statements were not repeated.

Defendant subsequently moved, pursuant to CPLR 3212, for summary judgment, claiming qualified privilege, in that the statements were made in the context of an employer-employee relationship. Plaintiff duly and vigorously opposed the motion.

Included with plaintiff's opposition papers were excerpts of defendant's and plaintiff's deposition testimony, the negative results of plaintiff's drug tests, and affidavits of fellow employees to the effect that defendant's accusations had spread to the other employees of her department. A copy of Metro-North's Operating Procedures and Directives was also submitted, in order to demonstrate that defendant did not follow proper procedures and policy regarding suspected drug abuse. Plaintiff also contends that the two supervisors had advised defendant that she did not use drugs. As additional proof of malice, plaintiff submitted a copy of a letter dated February 12, 1987, from defendant to plaintiff, which was subsequent to the date plaintiff commenced the within action, by which he abolished her job.

The IAS court granted summary judgment dismissing the complaint, stating, *inter alia,* that the statements were made under circumstances which entitled defendant to the defense of qualified privilege and, further, that plaintiff failed to raise an issue of fact as to whether the statements were made maliciously, thereby vitiating the defense. Plaintiff now appeals.

Summary judgment dismissing a complaint, while a drastic remedy, is properly granted where there are no material issues of fact. *(See,* CPLR 3212.) Thus, the focus is upon issue finding, rather than issue determination. *(Marshall, Bratter, Greene, Allison & Tucker v Mechner,* 53 AD2d 537 [1st Dept 1976].) Plaintiff asserts that there are hotly contested issues of fact which should be determined by a jury.

In analyzing whether there are triable issues of fact, we are aware that the law confers a qualified privilege on a statement where it " 'is fairly made by a person in the discharge of some public or private duty, legal or moral, or in the conduct of his own affairs, in a matter where the interest is concerned.' " *(Toker v Pollak,* 44 NY2d 211, 219 [1978], quoting *Lovell Co. v Houghton,* 116 NY 520, 526.) The defense of qualified privilege may be invoked when a defendant's acts were for a proper purpose and exercised in a reasonable manner; however, it "is forfeited if the defendant steps outside of the scope of the privilege, or abuses the occasion." (Prosser and Keeton, Torts, at 832 [5th ed].)

Assuming, arguendo, that defendant's statements are qualifiedly privileged, the burden of proof falls upon plaintiff to set forth evidence that defendant was motivated by malice. *(Garson v Hendlin,* 141 AD2d 55, 63 [2d Dept 1988], *lv denied* 74 NY2d 603; *Schulman v Anderson Russell Kill & Olick,* 117

Misc 2d 162, 169 [Sup Ct, NY County 1982].) Accordingly, plaintiff must demonstrate that the allegedly defamatory statements were known to be false at the time they were made to sufficiently raise a triable question of fact for the jury. *(O'Rorke v Carpenter,* 55 NY2d 798 [1981].)

Upon our review of the instant record, we conclude that plaintiff has submitted evidentiary proof that defendant knew in advance of the subject incident that plaintiff was not "on drugs". Moreover, we believe that plaintiff may succeed in convincing a jury that defendant's statements were made in furtherance of an improper purpose. Indeed, the evidence before us makes it abundantly clear that the statements may well have exceeded the scope of the privilege. Plaintiff is entitled to have a jury resolve these questions. In reversing the IAS court, we now give her that opportunity. Concur—Murphy, P. J., Carro, Milonas, Asch and Wallach, JJ.