104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Astrid A. SUNDWALL, Plaintiff-Appellant,
v.
STATE OF CONNECTICUT; Governor John G. Rowland; Chief
Justice Ellen A. Peters, Judicial Dept., Chief Court
Administrator Aaron Ment; Daniel B. Horwitch, Attorney,
Statewide Bar Counsel; Edward Johnson, Executive Director,
Connecticut Bar Association; Donald B. Caldwell, Executive
Director, Judicial Review Council; Presiding Judge Marshall
K. Berger, Presiding Judge, Superior Court, Judicial
District of Hartford/N. Britain, and Judicial Department,
Defendants-Appellees.
 No. 96-7762.
 United States Court of Appeals, Second Circuit.
 Dec. 19, 1996.
 
 APPEARING FOR APPELLANT: Astrid A. Sundwall, Pro Se, Torrington, CT.
 APPEARING FOR APPELLEES: (State of Connecticut Defendants)
 Henry S. Cohn, Attorney General's Office, State of Connecticut, Hartford, CT.
 APPEARING FOR APPELLEE (Edward Johnson, Executive Director, Connecticut Bar Assoc.)
 Andrew Turret, Bai, Pollock & Coyne, P.C., Bridgeport, CT.
 D.Conn.
 AFFIRMED.
 Before: FEINBERG, ALTIMARI, and PARKER, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.
 
 
 2
 At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 19th day of December, one thousand nine hundred and ninety-six.
 
 
 3
 Appeal from the United States District Court for the District of Connecticut (Alan H. Nevas, Judge ).
 
 
 4
 This cause came to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued by appellant pro se and by counsel for appellees.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court be and it hereby is AFFIRMED.
 
 
 6
 Astrid Sundwall, pro se, appeals from a judgment of the United States District Court for the District of Connecticut (Nevas, J.), which dismissed her complaint for lack of subject matter jurisdiction. Sundwall brought a civil rights action against the State of Connecticut; Governor John G. Rowland; The Honorable Ellen A. Peters, Chief Justice of the Supreme Court of the State of Connecticut; the Judicial Department of the State of Connecticut; The Honorable Aaron Ment, Chief Court Administrator; The Honorable Marshall K. Berger, Jr.; Daniel B. Horwitch, Statewide Bar Counsel to the Connecticut Statewide Grievance Committee; Edward Johnson, Executive Director of the Connecticut Bar Association; and Donald B. Caldwell, Executive Director of the Judicial Review Council. The suit stems from a foreclosure action against Sundwall in state court. Sundwall sought declaratory and injunctive relief.
 
 
 7
 The district court properly dismissed counts two and three of the amended complaint for lack of subject matter jurisdiction, pursuant to Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Under the so-called "Rooker-Feldman doctrine," a federal court does not have the authority to review the final judgment of a state court in a judicial proceeding. Any decision concerning the second and third counts would require a federal court to review the decisions made by the state court.
 
 
 8
 The Rooker-Feldman doctrine, however, does not apply to count one of Sundwall's amended complaint because that count, liberally construed, brings a general constitutional challenge to Connecticut's lis pendens and mechanic's lien statutes. See Feldman, 460 U.S. at 486-87. Therefore, because state and federal courts have determined that these statutes are constitutional, see New Destiny Devel. Corp. v. Piccione, 802 F.Supp. 692, 698 (D.Conn.1992) (finding Connecticut's lis pendens statute provides requisite due process and is constitutional); Red Rooster Constr. Co. v. River Assoc., 620 A.2d 118, 123-24 (Conn.1992) (refusing to find Connecticut's mechanic's lien statute unconstitutional); Papa v. Greenwich Green, Inc., 416 A.2d 1196, 1199 (Conn.1979) (discussing changes to Connecticut's mechanic's lien laws to remedy prior constitutional deficiencies, including providing owner with notice of lien); Wallingford Staffordshire Commons Ass'n v. Staffordshire Assocs., 615 A.2d 188, 196 (Conn.Super.Ct.1992) (finding Connecticut's lis pendens statute provides due process and is constitutional), we affirm the district court's dismissal of count one on the alternative ground that it fails to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 9
 Finally, to the extent Sundwall's amended complaint alleges state law claims arising out of her claims concerning the Connecticut Constitution, the district court properly declined to exercise supplemental jurisdiction. See Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir.1996).
 
 
 10
 Accordingly, we AFFIRM the judgment of the district court.