**Thomas BOYD, Plaintiff–Appellant,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant–Appellee,**

**No. 99–7578.**

United States Court of Appeals, Second Circuit.

Argued: Nov. 29, 1999.

Decided: March 24, 2000.

Raymond Nardo, Mineola, New York, for Plaintiff–Appellant.

Eric F. Leon, Kirkland & Ellis, New York, New York, for Defendant–Appellee.

Before: POOLER, VAN GRAAFEILAND, and NEWMAN, Circuit Judges.

POOLER, Circuit Judge:

We decide here whether the plaintiff-employee in a defamation lawsuit against his employer may proceed to discovery even though the defendant-employer has a qualified privilege to share evidence of the employee's wrongdoing with law enforcement. We do so where the employer failed to first verify objective matters entirely within its control. It is well settled that a defendant's failure to investigate before making defamatory statements does not support a finding of actual malice. *See, e.g., Harte–Hanks Communications, Inc. v. Connaughton,* 491 U.S. 657, 666–67, 109 S.Ct. 2678, 105 L.Ed.2d 562 (1989). Although failure to investigate is not enough to establish constitutional actual malice, it can be enough to permit discovery at least as to common law malice. In this case, the defendant's failure to check its own records regarding a simple factual question before speaking raises sufficient doubt about the defendant's good faith to allow the plaintiff to proceed to discovery.

## BACKGROUND

Because this appeal follows a motion to dismiss on the pleadings, we take as true the allegations contained in plaintiff Thomas Boyd's complaint, which provides the basis of our recitation of the facts. *See, e.g., Lee v. Bankers Trust Co.,* 166 F.3d 540, 543 (2d Cir.1999). Nationwide Mutual Insurance Company ("Nationwide") hired Boyd as a claims representative in April 1993 and promoted him to senior claims representative in 1995. In August 1997, Nationwide promoted Boyd to master claims representative. Boyd worked without incident until Nationwide fired him on October 1, 1997, for stealing, receiving kickbacks, and committing other financial improprieties. On the day of his dismissal, Boyd's supervisors—Don Santarpia, a district claims manager, and Terry Toranjoe, a sales supervisor—summoned Boyd to a meeting. For three hours, Santarpia, Toranjoe, and an unnamed Nationwide inter-

nal investigator interrogated Boyd about the alleged misconduct, which he steadfastly denied. Nationwide then terminated Boyd's employment and informed Michael DeWitt, a New York state trooper, that Boyd had stolen $3,760 from Nationwide by writing and cashing two checks for a single insurance claim. Nationwide, however, failed to investigate its own records, which showed that both checks had not been cashed.[1] Relying upon Nationwide's representation, Trooper DeWitt drafted a felony complaint against Boyd and charged him with third-degree grand larceny. A local newspaper, the *Sunday Record*, reported Boyd's arrest. On December 10, 1997, the local district attorney dismissed the charges against Boyd.

Boyd sued Nationwide in federal court based on diversity jurisdiction for defamation, malicious prosecution, intentional infliction of emotional distress and negligent infliction of emotional distress. At a hearing on February 19, 1999, Judge Colleen McMahon of the United States District Court for the Southern District of New York dismissed Boyd's claims pursuant to Fed.R.Civ.P. 12(b)(6) without leave to amend. As to Boyd's claim for defamation, Judge McMahon observed, "it seems well settled that the failure to investigate a statement does not constitute reckless disregard for purposes of establishing the malice necessary to defeat a qualified privilege, and that is true even if a prudent person would have investigated before publishing the statement."[2] On appeal, Boyd challenges only the district court's dismissal of his defamation claim.

## DISCUSSION

We review a district court's grant of a motion to dismiss *de novo*, assuming the truth of all factual allegations contained in the complaint and drawing all reasonable inferences in the plaintiff's favor. *See Stuto v. Fleishman*, 164 F.3d 820, 824–25 (2d Cir.1999). "A dismissal under Rule 12(b)(6) for failure to state a cognizable claim may be affirmed only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *Id.* (quoting *Citibank, N.A. v. K–H Corp.*, 968 F.2d 1489, 1494 (2d Cir. 1992)).

### A. Legal Standard

Under New York law, a cause of action for slander contains four elements: "(1) an oral defamatory statement of fact, (2) regarding the plaintiff, (3) published to a third party by the defendant, and (4) injury to the plaintiff." *Weldy v. Piedmont Airlines, Inc.*, 985 F.2d 57, 61 (2d Cir.1993). The court presumes compensable injury if the defamatory statement falls within a category of slander *per se*. *Id.* at 61–62 (citing *Liberman v. Gelstein*, 80 N.Y.2d 429, 590 N.Y.S.2d 857, 860–61, 605 N.E.2d 344 (1992)). A false accusation of serious crime constitutes slander *per se*. *See id.*

Nationwide's inaccurate allegation that Boyd committed felony larceny therefore was slander *per se*. Boyd admitted, however, that Nationwide's accusation was subject to a qualified privilege. Qualified privilege is a defense to claims of slander. *See Weldy*, 985 F.2d at 62. "[G]ood faith communications of a party having an interest in the subject, or a

---

1. The allegation does not appear in Boyd's complaint but was nonetheless considered by the district court after Boyd moved for leave to replead.

2. Allegations of malice are not ordinarily part of the plaintiff's initial pleading burden. *See Yowe v. New Hampshire Ins. Co.*, 14 A.D.2d 633, 218 N.Y.S.2d 198 (3d Dept 1961). *But cf. New York Times Co. v. Sullivan*, 376 U.S. 254, 283, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) (holding that plaintiffs who are public figures must prove actual malice). Boyd argued during the hearing in district court that the privilege applied but that Nationwide abused it. For the purposes of this appeal, we assume without deciding that the district court properly considered plaintiff's allegations of malice on a Rule 12(b)(6) motion.

moral or societal duty to speak, are protected by a qualified privilege if made to a party having a corresponding interest or duty.'" *Zeevi v. Union Bank of Switzerland,* No. 89 Civ. 4637, 1993 WL 148871 at *6 (S.D.N.Y. Apr.30, 1993) (citation omitted); *see also Olivieri v. McDonald's Corp.,* 678 F.Supp. 996, 1001–02 (E.D.N.Y. 1988); *see also Byam v. Collins,* 111 N.Y. 143, 150, 19 N.E. 75 (1888). The qualified privilege creates a "rebuttable presumption of good faith that may constitute a complete defense." *Weldy,* 985 F.2d at 62. Reporting crime to a police officer easily falls within the scope of the privilege. *See* Robert D. Sack, *Libel, Slander, and Related Problems,* § 9.2.1, at 9–7 (3d ed.1999).

In order to overcome a qualified privilege, plaintiff must demonstrate that defendant's statement was false. *See Weldy,* 985 F.2d at 62 (citations omitted). Plaintiff also must show that defendant abused the privilege by acting beyond the scope of the privilege, acting with common law malice, or acting with "knowledge that the statement was false or with a reckless disregard as to its truth." *Id.* Nationwide concedes that its accusation of larceny was false. Boyd therefore must show abuse of the privilege in any of the above three ways. First, acting beyond the scope of the privilege occurs where a defendant does not exercise the privilege in a reasonable manner, abuses the occasion, or makes the statement "in furtherance of an improper purpose." *Weldy,* 985 F.2d at 62 (citation omitted). Second, common law malice focuses on defendant's "personal spite or ill-will." *Zeevi,* 1993 WL 148871 at *9 (citation omitted). The third form of abuse, reckless disregard for truth, is also known as acting with malice in the constitutional sense. *See Zeevi,* 1993 WL 148871 at *9. Constitutional malice requires either "a high degree of awareness of [the statement's] probable falsity" or "serious doubts as to [its] truth." *Harte–Hanks Communications, Inc. v. Connaughton,* 491 U.S. 657, 667, 109 S.Ct. 2678, 105 L.Ed.2d 562 (1989) (citations

omitted). A defendant's failure to investigate alone does not permit a finding of constitutional malice, even if a prudent person would have investigated. *See New York Times Co. v. Sullivan,* 376 U.S. 254, 287, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); *see also Harte–Hanks Communications, Inc.,* 491 U.S. at 666–67, 109 S.Ct. 2678.

### B. *Application of Standard*

Nationwide argues that the district court properly dismissed Boyd's complaint because plaintiff's allegation of malice was conclusory and Nationwide's failure to investigate does not amount to reckless disregard for truth. We disagree. Boyd's claim raises doubts about the defendant's good faith, which is the linchpin of any qualified privilege. At this nascent stage of the litigation, plaintiff's allegation that Nationwide failed to check its own records, which plaintiff told the district court he wished to add to his complaint, permits a sufficient inference that Nationwide abused its qualified privilege. *See Harris v. Hirsh,* 161 A.D.2d 452, 555 N.Y.S.2d 735, 737 (1st Dep't 1990) (reversing grant of summary judgment to employer based on qualified privilege). Rule 9(b) of the Federal Rules of Civil Procedure only requires a plaintiff to generally aver malice as to a defendant's state of mind. *See Stern v. Leucadia Nat'l Corp.,* 844 F.2d 997, 1004 (2d Cir.1988).

As we have had occasion to observe in the past, "[i]t is important to recognize the difference between disposing of a case on a 12(b)(6) motion and resolving the case later in the proceedings, for example by summary judgment." *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir. 1998). Moreover, a plaintiff may allege facts suggestive enough to warrant discovery, even where those facts alone would not establish a cause of action for defamation. *See Stukuls v. New York,* 42 N.Y.2d 272, 397 N.Y.S.2d 740, 746, 366 N.E.2d 829 (1977) (finding that while plaintiff's allegations did not yet clearly demonstrate viable cause of action for defamation or de-

feat qualified privilege, "it cannot be said in advance of discovery that [plaintiff] will not be able to raise an issue of fact").

■ Given these principles and the procedural posture of this case, the district court's dismissal of Boyd's complaint was improper. An employer cannot use the qualified privilege to prevent a defamed employee from using the litigation process to seek evidence of the employer's bad faith where the employer controlled all relevant information yet failed to consult it before making unfounded accusations. Having failed to avail itself of this exclusive information, Nationwide cannot avail itself of the qualified privilege.

## CONCLUSION

Our holding today is narrow, mindful of the need to protect the ability of citizens to complain to the police but also mindful of the cost that irresponsible and defamatory statements impose on individuals. The judgment of the district court is reversed.