**Astrid A. SUNDWALL, Plaintiff–Appellant,**

v.

**Joseph C. LEUBA, Francis F. McDonald, Robert C. Holzberg, Defendants–Appellees.**

**Docket No. 01–7266.**

United States Court of Appeals, Second Circuit.

Jan. 3, 2001.

**12**

Astrid A. Sundwall, Torrington, CT, pro se.

Emily V. Melendez, Assistant Attorney General, Richard Blumenthal, Attorney General (on the brief), Hartford, CT, for Appellees.

Present: FEINBERG, OAKES, and POOLER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of the District Court be and it is AFFIRMED.

Astrid A. Sundwall appeals from the judgment of the United States District Court for the District of Connecticut (Hall, *J.*) dismissing her complaint brought pursuant to 42 U.S.C. § 1983. For the reasons given below, we affirm.

In July 2000, Sundwall filed a complaint against Judge Joseph Leuba, Judge Francis F. McDonald, Jr. and Judge Robert Holzberg (together, the "Defendants") in their individual and official capacities. Sundwall alleged the Defendants denied her due process of law in handling various aspect of her foreclosure complaint. Defendants filed a motion to dismiss the com-plaint. Specifically, Defendants argued that to the extent Sundwall sought review of the state court proceedings, such relief was barred by the *Rooker–Feldman* doc-trine, which holds that federal courts lack jurisdiction to review state court decisions. Defendants also argued the Eleventh Amendment barred Sundwall from recov-ering monetary damages against them in their official capacity, and the doctrine of judicial immunity barred her from recover-ing monetary damages against them per-sonally.

In November 2000, Sundwall moved to file an amended complaint. Her proposed second complaint added various claims, and sought to attach the proper legal names to the claims alleged in the original complaint. Defendants opposed the mo-tion to amend, arguing that the proposed amendments were futile and that the claims Sundwall sought to add involved state lien procedures already adjudicated in prior litigation. *See Sundwall v. Con-necticut,* No. 96–7762, 104 F.3d 356, 1996 WL 730287 (2d Cir. Dec.19, 1996).

The district court dismissed the com-plaint. This appeal followed. We review the district court's grant of a motion to dismiss *de novo,* drawing all reasonable inferences in favor of the non-moving par-ty. *Boyd v. Nationwide Mutual Ins. Co.,* 208 F.3d 406, 409 (2d Cir.2000).

██ The district court correctly found that state officers, if sued in their official capacities, are immunized from suit by pri-vate citizens under the Eleventh Amend-ment. *K & A Radiologic Tech. Servs., Inc. v. Comm'r of the Dep't of Health,* 189 F.3d 273, 278 (2d Cir.1999). While the Eleventh Amendment does not extend to judicial officers in their individual capacity, "[i]t is, however, well established that offi-cials acting in a judicial capacity are enti-tled to absolute immunity against § 1983 actions, and this immunity acts as a com-

plete shield to claims for money damages." *Montero v. Travis,* 171 F.3d 757, 760 (2d Cir.1999) (citations omitted). Such "immunity extends to administrative officials performing functions closely associated with the judicial process because the role of the hearing examiner or administrative law judge ... is functionally comparable to that of a judge." *Id.* (citations and internal quotation marks omitted). For immunity to attach, judicial officers must be acting in their judicial capacity and must be acting within their jurisdiction. *Tucker v. Outwater,* 118 F.3d 930, 933 (2d Cir. 1997). The district court correctly determined the Defendants were each acting in their judicial capacity and within their jurisdiction.

■ Further, the district court properly determined the *Rooker–Feldman* doctrine barred the injunctive relief sought. by Sundwall. "The *Rooker–Feldman* doctrine provides that the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment." *Hachamovitch v. DeBuono,* 159 F.3d 687, 693 (2d Cir.1998). The district court correctly held that the sort of action Sundwall desired was precisely the sort of relief *Rooker–Feldman* forbids federal courts from granting.

We have examined the remainder of Sundwall's claims and we find them to be without merit.