14-3815-cv
 Biro v. Condé Nast

 1 UNITED STATES COURT OF APPEALS 
 2 FOR THE SECOND CIRCUIT 
 3  
 4 August Term, 2015 
 5  
 6 (Argued: October 2, 2015     Decided: December 8, 2015) 
 7  
 8 Docket No. 14‐3815‐cv
 9
10 _____________________________________
11
12 PETER PAUL BIRO, 
13  
14 Plaintiff‐Appellant, 
15  
16 v. 
17  
18 CONDÉ NAST, a division of Advance Magazine Publishers Inc., DAVID 
19 GRANN, ADVANCE MAGAZINE PUBLISHERS INC., LOUISE BLOUIN 
20 MEDIA INC., GLOBAL FINE ART REGISTRY LLC, THERESA FRANKS, 
21 PADDY JOHNSON, YALE UNIVERSITY PRESS, 
22  
23 Defendants‐Appellees, 
24  
25 PATRICK BAHNERS, GEORGIA MUSEUM OF ART, INTERNATIONAL 
26 COUNCIL OF MUSEUMS, DAN RATTINER, MANHATTAN MEDIA 
27 LLC, DAN’S PAPERS, LLC, GAWKER MEDIA LLC, BUSINESS INSIDER, 
28 INC., 
29  
30 Defendants. 
31
32 _____________________________________
33

 1
 14-3815-cv
 Biro v. Condé Nast

 1 Before:   
 2  
 3   JACOBS and LOHIER, Circuit Judges, and CRAWFORD, District 
 4 Judge.* 
 5  
 6   Peter Paul Biro was the subject of a 2010 article in The New Yorker 
 7 written by David Grann and published by Condé Nast, a division of 
 8 Advance Magazine Publishers Inc.  Biro sued Grann, Condé Nast, and 
 9 Advance for defamation, adding defendants who he alleged republished 
10 the defamatory statements from the original New Yorker article or, in some 
11 cases, further defamed him when referring to the article.  The United States 
12 District Court for the Southern District of New York (Oetken, J.) dismissed 
13 Biro’s complaint, holding that Biro was a limited‐purpose public figure 
14 who failed to plead sufficient facts to give rise to a plausible inference of 
15 actual malice.  We affirm.  
16
17 RICHARD A. ALTMAN, Law Office of Richard A. 
18 Altman, New York, NY, for Plaintiff‐Appellant.  
19  
20 DAVID A. SCHULZ, Levine Sullivan Koch & 
21 Schulz, LLP, New York, NY; Chad R. Bowman, 
22 Levine Sullivan Koch & Schulz, LLP, Washington, 
23 DC, for Defendants‐Appellees Condé Nast, a  
24 division of Advance Magazine Publishers  
25 Inc., Advance Magazine Publishers Inc., and 
26 David Grann.   
27  
28 Diane Boenig Cavanaugh, Desmond C.B. Lyons, 
29 Lyons McGovern, LLP, White Plains, NY, for 
30 Defendant‐Appellee Louise Blouin Media Inc. 
31  
32 ANTHONY N. GAETA (William A. Friedman, on the 
33 brief), Levine DeSantis, LLC, Springfield, NJ, for 
34 Defendants‐Appellees Global Fine Art Registry LLC 
35 and Theresa Franks. 
36  
37 DARREN W. JOHNSON (Lynn B. Bayard, Danielle B. 
38 Polebaum, on the brief), Paul, Weiss, Rifkind, 

 * The Honorable Geoffrey W. Crawford, of the United States District Court 
 for the District of Vermont, sitting by designation. 

 2
 14-3815-cv
 Biro v. Condé Nast

 1 Wharton & Garrison LLP, New York, NY, for 
 2 Defendant‐Appellee Paddy Johnson. 
 3  
 4 FLOYD ABRAMS (Brian Markley, on the brief), Cahill 
 5 Gordon & Reindel LLP, New York, NY, for 
 6 Defendant‐Appellee Yale University Press.  
 7
 8
 9 LOHIER, Circuit Judge:

10 In this appeal from a dismissal of a defamation suit, we address 

11 whether Rule 8 of the Federal Rules of Civil Procedure requires a limited‐

12 purpose public figure to plead in a plausible way that defendants acted 

13 with actual malice.  We conclude that it does.  We therefore affirm the 

14 judgment of the United States District Court for the Southern District of 

15 New York (Oetken, J.) dismissing plaintiff Peter Paul Biro’s complaint on 

16 the ground that he failed to plead sufficient facts to give rise to a plausible 

17 inference of actual malice.  We dispose of Biro’s remaining arguments on 

18 appeal in a separate summary order filed simultaneously with this 

19 opinion.1 

 1 In urging reversal, Biro argues that he does not have to allege actual 
 malice because he is not a limited‐purpose public figure.  We conclude in 
 the summary order that the District Court correctly held that Biro was a 
 limited‐purpose public figure.  
 3
 14-3815-cv
 Biro v. Condé Nast

 1 BACKGROUND 

 2 This defamation suit involves a July 2010 article (the “Article”) 

 3 written by journalist David Grann and published by The New Yorker.2  

 4 The Article focused on Biro, a controversial figure known in the art world 

 5 for using fingerprint analysis to authenticate art in an effort to insert a 

 6 measure of objectivity into a previously subjective process.  The Article 

 7 raised questions about the trustworthiness of Biro’s methods and his 

 8 authentication of paintings.  Among other things, the Article contained 

 9 interviews of various individuals critical of Biro, and it suggested that Biro 

10 stood to profit from some of his more dubious authentications.  To say the 

11 least, we agree with the District Court’s observation that “[t]here is little 

12 question that a reader may walk away from the Article with a negative 

13 impression of Biro.”  Biro v. Condé Nast (Biro I), 883 F. Supp. 2d 441, 482 

14 (S.D.N.Y. 2012). 

15 The Article was subsequently republished or referenced by various 

16 other defendants (collectively, the “republishers”), including Louise Blouin 

17 Media Inc. (“LBM”) in an interview published on its website; the Global 

 2 The New Yorker is published by defendant Condé Nast, a division of 
 defendant Advance Magazine Publishers Inc. (“Advance”).   
 4
 14-3815-cv
 Biro v. Condé Nast

 1 Fine Art Registry (“FAR”) and Theresa Franks in a series of online posts 

 2 about Biro’s ongoing defamation litigation; Paddy Johnson on an art blog; 

 3 and the Yale University Press (“YUP”) in a book it published that referred 

 4 generally to a “purported forensics expert” without naming Biro. 

 5 Biro sued Grann, Condé Nast, and Advance (collectively, the “New 

 6 Yorker defendants”) as well as the republishers for defamation.  Biro 

 7 generally alleged that each of the New Yorker defendants “either knew or 

 8 believed or had reason to believe that many of the statements of fact in the 

 9 Article were false or inaccurate, and nonetheless published them,” and 

10 that they “acted with actual malice, or in reckless disregard of the truth, or 

11 both.”  Biro sought to buttress his allegation of actual malice by further 

12 alleging that the New Yorker defendants, among other things, (1) failed to 

13 “investigate and determine the validity” of the allegedly defamatory 

14 statements; (2) relied on anonymous and biased sources; and (3) “ignore[d] 

15 the many other works of art which plaintiff has worked with over the 

16 years, as well as his many satisfied clients.”  Biro also alleged that Grann 

17 had “defamatory propensities.” 

 5
 14-3815-cv
 Biro v. Condé Nast

 1 Turning to the republishers, Biro generally alleged that LBM, FAR, 

 2 Franks, Johnson, and YUP acted with actual malice “in that [they] knew or 

 3 should have known” that many of the statements of fact in the Article 

 4 “were false,” and that they “published [the statements] . . . 

 5 notwithstanding that knowledge.”  In addition, Biro alleged that LBM 

 6 “fail[ed] to remove the interview for one month”; Johnson did not retract 

 7 the alleged defamatory statements; YUP “chose to publish [the] language 

 8 notwithstanding that plaintiff had already sued others for defamation 

 9 arising from the Article”; and FAR and Franks published the statements 

10 “with ill will and malicious and evil intent to harm” Biro.3 

11 The District Court held that Biro had adequately alleged an 

12 “actionable defamatory false statement of fact, or false implication,” with 

13 respect to four sections of the Article.  Biro I, 883 F. Supp. 2d at 483.  But 

14 the District Court ultimately dismissed both the claims against the New 

15 Yorker defendants related to those sections and the claims against the 

16 majority of the republishers on the ground that Biro, as a limited‐purpose 

17 public figure, failed to plead sufficient facts to give rise to a plausible 

 3 We address the dismissal of Biro’s claims against FAR and Franks in the 
 separate summary order filed simultaneously with this opinion. 
 6
 14-3815-cv
 Biro v. Condé Nast

 1 inference of actual malice.  See Biro v. Condé Nast (Biro II), 963 F. Supp. 2d 

 2 255, 276, 281, 288 (S.D.N.Y. 2013); Biro v. Condé Nast (Biro III), No. 11‐CV‐

 3 4442 (JPO), 2014 WL 4851901, at *1‐2, *4‐5 (S.D.N.Y. Sept. 30, 2014).  In 

 4 doing so, the District Court relied on Iqbal’s instruction that, where a 

 5 particular state of mind is an element of a claim, Rule 8 requires that it be 

 6 plausibly pleaded and supported by factual allegations.  Biro II, 963 F. 

 7 Supp. 2d at 278 (citing Ashcroft v. Iqbal, 556 U.S. 662, 686‐87 (2009)); see 

 8 also ATSI Commc’ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 & n.2 (2d Cir. 

 9 2007). 

10 This appeal followed. 

11 DISCUSSION 

12 We review de novo the grant of a motion to dismiss under Rule 

13 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c), 

14 accepting as true the factual allegations in the complaint and drawing all 

15 inferences in the plaintiff’s favor.  See DiFolco v. MSNBC Cable L.L.C., 622 

16 F.3d 104, 110‐11 (2d Cir. 2010); Graziano v. Pataki, 689 F.3d 110, 114 (2d 

17 Cir. 2012).  To survive either motion, a complaint must contain “enough 

18 facts to state a claim to relief that is plausible on its face.”  Bell Atl. Corp. v. 

 7
 14-3815-cv
 Biro v. Condé Nast

 1 Twombly, 550 U.S. 544, 570 (2007); see DiFolco, 622 F.3d at 111 (Rule 

 2 12(b)(6)); Graziano, 689 F.3d at 114 (Rule 12(c)).  A claim is plausible 

 3 “when the plaintiff pleads factual content that allows the court to draw the 

 4 reasonable inference that the defendant is liable for the misconduct 

 5 alleged.”  Iqbal, 556 U.S. at 678.  But “naked assertions” or “conclusory 

 6 statements” are not enough.  Id. (quotation marks omitted).  These federal 

 7 pleading rules and standards, including the Supreme Court’s 

 8 interpretation of Rule 8, prevail in “ ‘all civil actions,’ ” id. at 684 (quoting 

 9 Fed. R. Civ. P. 1), including diversity litigation, see Hanna v. Plumer, 380 

10 U.S. 460, 468‐74 (1965); Cnty. of Erie, N.Y. v. Colgan Air, Inc., 711 F.3d 147, 

11 149 (2d Cir. 2013) (applying Rule 8’s plausibility standard in an action 

12 based on diversity jurisdiction). 

13 Limited‐purpose public figures who seek damages for defamatory 

14 statements must show that the statements were made with “actual 

15 malice”—that is, with knowledge that the statements were false or with 

16 reckless disregard as to their falsity.  See, e.g., N.Y. Times Co. v. Sullivan, 

17 376 U.S. 254, 279‐80 (1964) (public officials); Curtis Publ’g Co. v. Butts, 388 

18 U.S. 130, 154‐55 (1967) (public figures); Lerman v. Flynt Distrib. Co., 745 

 8
 14-3815-cv
 Biro v. Condé Nast

 1 F.2d 123, 137, 139 (2d Cir. 1984) (limited‐purpose public figures).  In urging 

 2 us to hold that he did not have to allege facts sufficient to render his 

 3 allegations of actual malice plausible, Biro notes that Rule 9(b) allows 

 4 malice to “be alleged generally,” Fed. R. Civ. P. 9(b), and points to the 

 5 District Court’s observation that “neither the Supreme Court nor the 

 6 Second Circuit has precisely articulated the effect of Iqbal and Twombly on 

 7 defamation cases,” Biro II, 963 F. Supp. 2d at 278.  Both observations may 

 8 be true, but Iqbal makes clear that, Rule 9(b)’s language notwithstanding, 

 9 Rule 8’s plausibility standard applies to pleading intent.  556 U.S. at 686‐87.  

10 There, the Supreme Court held that “Rule 9(b) requires particularity when 

11 pleading fraud or mistake, while allowing malice, intent, knowledge, and 

12 other conditions of a person’s mind to be alleged generally,” but “does not 

13 give [a plaintiff] license to evade the less rigid—though still operative—

14 strictures of Rule 8.”  Id. (quotation marks omitted).  It follows that malice 

15 must be alleged plausibly in accordance with Rule 8.  Our sister circuits 

16 that have considered the issue agree.  See, e.g., Pippen v. NBCUniversal 

17 Media, LLC, 734 F.3d 610, 614 (7th Cir. 2013) (“States of mind may be 

18 pleaded generally, but a plaintiff still must point to details sufficient to 

 9
 14-3815-cv
 Biro v. Condé Nast

 1 render a claim plausible.”); Mayfield v. Nat’l Ass’n for Stock Car Auto 

 2 Racing, Inc., 674 F.3d 369, 377 (4th Cir. 2012) (“[M]alice must still be 

 3 alleged in accordance with Rule 8—a ‘plausible’ claim for relief must be 

 4 articulated.”); Schatz v. Republican State Leadership Comm., 669 F.3d 50, 

 5 58 (1st Cir. 2012) (“[T]o make out a plausible malice claim, a plaintiff must 

 6 still lay out enough facts from which malice might reasonably be inferred . 

 7 . . .”).  In any event, we have long made clear that “[d]efamation actions 

 8 are, for procedural purposes, . . . to be treated no differently from other 

 9 actions,” Yiamouyiannis v. Consumers Union, 619 F.2d 932, 940 (2d Cir. 

10 1980), and Biro fails to offer a persuasive reason why the pleading 

11 standard should differ in defamation cases generally or in the malice 

12 inquiry specifically. 

13 Biro relies on our pre‐Iqbal decision in Church of Scientology 

14 International v. Behar, in which we explained that “resolution of the . . . 

15 actual malice inquir[y] typically requires discovery,” 238 F.3d 168, 173 (2d 

16 Cir. 2001), to argue that it is “impossible” without discovery for a plaintiff 

17 to plead facts demonstrating that the claim of actual malice is plausible.  

18 We disagree.  The hurdles to plausibly pleading actual malice, though 

 10
 14-3815-cv
 Biro v. Condé Nast

 1 significant given the First Amendment interests at stake, are by no means 

 2 insurmountable.  See 2 Robert D. Sack, Sack on Defamation § 16:2.2 at 16.7‐

 3 8 (4th ed. 2010) (“It can hardly be ruled out . . . that plaintiffs’ counsel will 

 4 develop extrajudicial means of obtaining sufficient facts to plead ‘actual 

 5 malice’ with the degree of specificity required by Iqbal and Twombly, 

 6 enabling the plaintiff to prevail on a defendant’s motion to dismiss and 

 7 then to engage in further discovery on the issue.”).  “Although actual 

 8 malice is subjective, a court typically will infer actual malice from objective 

 9 facts,” understanding that a defendant in a defamation action will rarely 

10 admit that he published the relevant statements with actual malice.  Celle 

11 v. Filipino Reporter Enters. Inc., 209 F.3d 163, 183 (2d Cir. 2000) (quotation 

12 marks omitted).  And of course whether actual malice can plausibly be 

13 inferred will depend on the facts and circumstances of each case.  For 

14 example, a plaintiff may allege that “a story [was] fabricated by the 

15 defendant” if the defendant provides no source for the allegedly 

16 defamatory statements or if the purported source denies giving the 

17 information.  St. Amant v. Thompson, 390 U.S. 727, 732 (1968).  Or the 

18 plaintiff may point to the fact that the allegedly defamatory statements 

 11
 14-3815-cv
 Biro v. Condé Nast

 1 were “based wholly on an unverified anonymous telephone call” or were 

 2 published despite “obvious [specified] reasons to doubt the veracity of the 

 3 informant or the accuracy of his reports” or despite the “inherently 

 4 improbable” nature of the statements themselves.  Id. 

 5 In practice, requiring that actual malice be plausibly alleged has not 

 6 doomed defamation cases against public figures.  To the contrary, district 

 7 courts in and out of our Circuit have inferred actual malice at the pleading 

 8 stage from allegations that referred to the nature and circumstances of the 

 9 alleged defamation or previous dealings with the defendant.  See, e.g., 

10 Tiversa Holding Corp. v. LabMD, Inc., Civ. A. No. 13‐1296, 2014 WL 

11 1584211, at *7 (W.D. Pa. Apr. 21, 2014); Lynch v. Ackley, Civ. No. 

12 3:12CV537 (JBA), 2012 WL 6553649, at *9 (D. Conn. Dec. 14, 2012); 

13 Ciemniecki v. Parker McCay P.A., Civ. No. 09‐6450 (RBK/KMW), 2010 WL 

14 2326209, at *14 (D.N.J. June 7, 2010). 

15 Relying on Boyd v. Nationwide Mutual Insurance Company, which 

16 was decided prior to Iqbal and Twombly, Biro also argues that he was 

17 entitled to proceed to discovery because he alleged “facts suggestive 

18 enough to warrant discovery, even where those facts alone would not 

 12
 14-3815-cv
 Biro v. Condé Nast

 1 establish a cause of action for defamation.”  208 F.3d 406, 410 (2d Cir. 

 2 2000).  To the extent that Biro reads Boyd as permitting an implausible 

 3 claim to proceed to discovery, we think Twombly rejected this approach.  

 4 550 U.S. at 559 (“It is no answer to say that a claim just shy of a plausible 

 5 entitlement to relief can, if groundless, be weeded out early in the 

 6 discovery process . . . .”).  Instead, a public‐figure plaintiff must plead 

 7 “plausible grounds” to infer actual malice by alleging “enough fact[s] to 

 8 raise a reasonable expectation that discovery will reveal evidence of” 

 9 actual malice.  Id. at 556.  

10 Having determined that actual malice must be plausibly alleged, we 

11 now consider whether Biro’s allegations meet that standard.  We conclude 

12 that they do not.   

13 First, Biro’s nonconclusory allegations against the New Yorker 

14 defendants fall short of raising a plausible inference of actual malice.  We 

15 recognize that although “[f]ailure to investigate does not in itself establish 

16 bad faith,” St. Amant, 390 U.S. at 733, reliance on anonymous or unreliable 

17 sources without further investigation may support an inference of actual 

18 malice, id. at 732.  Here, though, none of the four sections of the Article 

 13
 14-3815-cv
 Biro v. Condé Nast

 1 containing the allegedly defamatory statements were based “wholly” on 

 2 information from unverified and anonymous sources.  Id.; Church of 

 3 Scientology Int’l, 238 F.3d at 174.  Nor does Biro’s complaint allege facts 

 4 that would have prompted the New Yorker defendants to question the 

 5 reliability of any of the named or unnamed sources at the time the Article 

 6 was published.  For example, the allegations casting doubt on the 

 7 reliability of Franks and Marion Hendler as sources relate only to events 

 8 that occurred after publication of the Article and therefore “cannot be 

 9 relevant to the publisher’s state of mind [regarding] his alleged malice at 

10 the time of publication.”  Herbert v. Lando, 781 F.2d 298, 306 (2d Cir. 

11 1986).  The failure of the New Yorker defendants to correct a statement 

12 unrelated to the allegedly defamatory statements in light of events that 

13 occurred after publication is similarly insufficient to render the allegation 

14 of actual malice plausible.  In addition, Grann’s decision to focus on Biro’s 

15 controversial authentications, while ignoring both his other 

16 authentications and his satisfied clients, does not plausibly suggest that 

17 Grann “entertained serious doubts as to the truth of his publication.”  St. 

18 Amant, 390 U.S. at 731; see also Church of Scientology Int’l, 238 F.3d at 174 

 14
 14-3815-cv
 Biro v. Condé Nast

 1 (“Despite its name, the actual malice standard does not measure malice in 

 2 the sense of ill will or animosity, but instead the speaker’s subjective 

 3 doubts about the truth of the publication.”).4   

 4 Second, we conclude that nearly all of Biro’s allegations against the 

 5 republisher defendants LBM, Johnson, and YUP are conclusory.  We agree 

 6 with the District Court that any remaining nonconclusory allegations 

 7 against these defendants are inadequate to state a plausible claim for relief.   

 8 In summary, Biro does not plausibly allege that the defendants acted 

 9 with actual malice.   

10 CONCLUSION 

11 For the foregoing reasons and those set forth in the accompanying 

12 summary order, we AFFIRM the judgment of the District Court.   

 4 Biro’s allegation about Grann’s “defamatory propensities” rests entirely 
 on a lawsuit against Grann that was not adjudicated on the merits; it is not 
 an allegation that Grann actually defamed the plaintiff in that lawsuit or 
 any other lawsuit prior to this one.  In other words, there is no well‐
 pleaded, nonconclusory allegation that Grann actually had “defamatory 
 propensities.” 
 15